IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MISTY CLARK**, <br><br> *Plaintiff,* <br><br> v. <br><br> **RYAN BRITTON,** <br><br> *Defendant.* | **Case Number: 2:11CV980** <br><br> **JUDGE EDMUND A. SARGUS** <br> **MAGISTRATE JUDGE MARK R. ABEL** |

**STIPULATED PROTECTIVE ORDER FOR THE PROTECTION
OF CONFIDENTIAL INFORMATION**

Undersigned counsel, on behalf of their respective parties move the Court to enter into the following protective order ("Stipulated Order").  The Order is made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to limit the disclosure of discovered information, for the protection of third parties and to preserve confidentiality of certain matters.  The parties agree to be bound by the restrictions of this Order limiting the use of such information as hereinafter provided from the date that each party signs this order.

Each party signing this Stipulated Order and anyone else who may subscribe to this Stipulated Order agrees as follows:

**INFORMATION SUBJECT TO THIS ORDER**

1.  It is anticipated that some information (a) conveyed by or contained in a document produced or (b) stated in answer to an interrogatory or request for admission or (c) disclosed in an oral deposition by a party or a non-party is the course of discovery in this proceeding or (d)

disclosed pursuant to a voluntary agreement among counsel, may include protected information regarding correction officers as prohibited under R.C. § 149.43, or may constitute a security risk, or may include other personal, sensitive information to which the public would not ordinarily have access, including but not limited to, personnel files, names of individuals who are not a party to this action that may be protected from disclosure under Fed. R. Civ. P. 26(c), or any other statute or regulation restricting disclosure, when justice so requires. The word "document" means all documents and things subject to copying and inspection under Rule 34 of the Federal Rules of Civil Procedure.

    2. Any party or non-party that produces information as to which it then has a reasonable good faith basis in law and fact to believe is of the type described in Paragraph 1, at the time of production, shall designate such information "confidential." Information so designated (hereinafter "confidential information") shall thereafter be subject to the provisions of this Stipulated Order. Such records will be for counsel for parties' eyes only, to include any experts retained by any party or any staff working for any counsel of any party.

    3. Confidential information, as described in this section, shall, if in writing, be stamped on the face of the writing, or shall otherwise be clearly marked "confidential" or "confidential material." The stamp shall be affixed in such a manner that the written material is not obliterated or obscured.

    4. Parties may designate as confidential information referenced at any deposition or portion thereof by making such designation on the record at the time of the deposition. If no confidential designation is made during a deposition, the contents shall be treated as confidential under this Stipulated Protective Order until 15 days after receipt of the transcript or 20 days after the court reporter mails copies of the transcripts, whichever is longer. Within that period, any party wishing to designate all or any portion of the deposition transcript as confidential shall make the appropriate designation in writing and then serve that designation by mail upon the

court reporter and counsel for all parties. However, if no party orders a copy of the transcript at the time of the deposition or within 5 business days of the deposition, the contents of the deposition shall only be treated as confidential information for 5 business days.

5. The designation of any material as "confidential" or "confidential material" will also render confidential any copies, excerpts, summaries, disclosures, or other documents containing the substance or content of such material.

In the event of an inadvertent disclosure of confidential information without proper designation, the producing party shall inform the receiving party of the error. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent failure. The producing party shall provide within three (3) business days a properly designated set of such confidential information to the receiving party, which shall destroy copies of the improperly designated documents and certify such destruction to the producing party.

**PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL" INFORMATION**

6. Confidential information protected by this Stipulated Order may be disclosed only to:

   a. Counsel of record;

   b. Members of the legal, paralegal, secretarial, and clerical staff of such counsel who are engaged in the preparation for and trial of this action;

   c. The court in which this action is pending and persons associated with it;

   d. Expert consultants.

   e. Defendant in the presence of his counsel.

   f. A deponent and his or her attorney, but only during the course of his or her deposition.

   g. A court reporter.

3

      h.      Plaintiff is specifically excluded from the pre-trial viewing or obtaining, either directly or indirectly, any of the information contained in Defendant's personnel files. Information obtained during a trial in this matter will be governed as set forth in Paragraph 19.

7. If counsel for any party intends to disclose confidential information to any person described in Paragraph 7(d), counsel for that party shall require, prior to disclosure, that such person first read this Stipulated Order, agree to be bound by its terms and submit to the authority of this Court for enforcement of this Stipulated Order, and execute the Agreement attached hereto as Exhibit A. The signed Agreement shall be maintained by counsel until the conclusion of this action.

### LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

8. While protected by this Stipulated Order, any information designated "confidential" or "confidential material" pursuant to Paragraphs 1-6 of this Stipulated Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for the purposes of any other proceeding.

9. Unless otherwise agreed in advance in writing by counsel for the parties, in the event any party to this action files with the Court any pleading, motion, exhibit, or other paper that appends, attaches, or discloses any confidential information, that confidential information shall be filed under seal and bear the following legend:

> THIS DOCUMENT IS FILED UNDER SEAL AND IS SUBJECT TO
> AN ORDER REGARDING CONFIDENTIAL INFORMATION
> ENTERED BY THE COURT IN THIS ACTION.

10. Within thirty (30) days following a final determination of this litigation, every person or party to whom confidential information has been furnished or produced shall destroy all copies, and provide the producing party with counsel's certification of that destruction. This

paragraph includes deposition exhibits, but not attorney notes.  This paragraph does not require any party to return or destroy any information which was filed with the Court.

11. This Stipulated Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding, and may be amended as need may rise by the mutual consent and agreement of counsel, subject to the ultimate approval of the Court, as provided below.

12. This Stipulated Order shall be without prejudice to the right of any party or non-party to move for a separate protective or other discovery order as to any such particular document or information, to seek exemptions or restrictions differing from those specified herein, or to challenge the status of any information as being protected by Fed. Civ. R. 26(c), regardless of its designation as confidential information by a producing party.

13. After the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom confidential information has been disclosed or communicated, and the Court shall retain jurisdiction for enforcement of its provisions.

**MODIFICATION AND DISPUTE RESOLUTION**

14. If any party disputes the designation of any document as "confidential," that party shall notify the producing party of the objections in writing.  The designating party of the materials shall, within five (5) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the objecting party in writing whether or not it will agree to the reclassification requested.  Counsel shall attempt to resolve the dispute extra-judicially in good faith.

15. If counsel for the parties are unable to resolve a dispute extra-judicially, then the procedures set forth in Fed. R. Civ. P. 26(c) shall be followed by the party asserting confidentiality.

16. If another court or a government entity or agency, or any other person or entity, subpoenas or orders production of any of the documents or information that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly provide written notice to the party or other person who produced the documents or information, and counsel for the other parties to this action of the pendency of such subpoenas or order as soon as reasonably possible, and, in any event, before the return date of the subpoena or order.  If written notice cannot be provided at least fourteen (14) days before the time for production or other disclosure, the party receiving the subpoena or order shall immediately, in addition to the written notice, give notice by telephone to the party or person who produced the documents or information.  In no event shall production or disclosure be made before notice is given.  The purpose of this paragraph is to provide the party or person who produced the documents or information the opportunity to intervene at its own expense to object to the production of documents or information.  This Protective Order shall not alter a party's or person's obligations to comply with subpoenas or orders of production to produce the documents or information made by a government entity or agency, or any other person or entity.

17. Notwithstanding anything above to the contrary, this Stipulated Protective Order does not govern the procedures for the use of the documents or information to which this Stipulated Protective Order applies at any trial of this matter.  Rather, in the event of any trial of this matter, the parties will work to enter into an agreement as to the use of the documents or information to which this Stipulated Protective Order applies at any such trial, subject to the instructions of the Court.

This Protective Order is subject to modification by the Court.

IT IS SO ORDERED.

                 s/Mark R. Abel
                 United States Magistrate Judge

Approved by and agreed to:

                 MICHAEL DEWINE
                 Ohio Attorney General

| /s/ David A. Singleton | s/Debra Gorrell Wehrle |
|---|---|
| David A. Singleton, #0074556 | DEBRA GORRELL WEHRLE (0062747) |
| Trial Attorney for Plaintiff | Debra.Wehrle@OhioAttorneyGeneral.gov |
| Bruna Lozano, Legal Intern | Assistant Attorney General |
| Michael Strunk, Legal Intern | Criminal Justice Section |
| Ohio Justice & Policy Center | 150 East Gay St., 16th Floor |
| 215 East 9th Street, Suite 601 | Columbus, Ohio  43215 |
| Cincinnati, Ohio 45202 | Phone: (614)644-7233 |
| (513) 421-1108, ext. 17 | Fax: (866)429-9043 |
| (513) 562-3200 – fax | |
| dsingleton@ohiojpc.org | *Trial Counsel for Defendant* |
| lozanob1@mymail.nku.edu | |
| strunkm1@mymail.nku.edu | |

*Trial  Counsel for Plaintiff*

# EXHIBIT A

**County of** _____   :
                        :      ss
**State of Ohio**       :

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, the undersigned, acknowledge that I have received a copy of the "Stipulated Protective Order for the Protection of Confidential Information" entered in this action, which is attached hereto as Exhibit 1, have read the Stipulated Order, and agree to be bound by all of the provisions in it.  I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated as "confidential information."  I agree not to disclose any such confidential information to any person not entitled to receive disclosure of same under the provisions of the Stipulated Order, and to use any such confidential information solely in connection with my participation in this case.  I also agree to return to counsel for the party that produces, in accordance with the Stipulated Order, any such confidential materials as soon as my participation in this case is concluded.

_____
Signature

SUBSCRIBED TO AND SWORN BEFORE ME THIS \_\_\_\_ DAY OF _____, 2013.

_____
Notary Public

My commission expires: _____